**Alice AVERY, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 76–2792.

United States Court of Appeals, Ninth Circuit.

April 12, 1978.

Robert E. Kovacevich, of Kovacevich & Algeo, Spokane, Wash., for appellant.

Jane M. Edmisten, of U. S. Dept. of Justice, Washington, D. C., for appellee.

Before GOODWIN, WALLACE, and HUG, Circuit Judges.

PER CURIAM:

Avery sold heroin to a Drug Enforcement Agency agent three times in the Fall of 1972. She has served a prison term resulting from these sales, and now challenges an Internal Revenue Service tax deficiency assessment.

Avery sold $4,000 worth of heroin to the DEA agent, but the IRS estimated that she sold a total of $60,000 in a three-month period. After deductions for the cost of the goods sold and other proper computations, the unpaid tax was found to be something over $12,000. The Tax Court upheld the Commissioner's determination; we affirm.

█ Avery filed a preliminary motion to shift the burden of proof at trial from her to the Commissioner. To succeed she had to prove that the Commissioner's determination of deficiencies was arbitrary and capricious. The major evidence at the hearing on the motion was the testimony of Sid J. Starr, the IRS agent who made the original determination. Starr testified that he relied heavily on information from Ben Coleman, who was involved in Avery's activities, and from other sources. Coleman had died, and none of the other sources testified; thus Starr's statements were hearsay inadmissible to show the truth of the matters asserted. The Tax Court admitted the testimony only to support the reasonableness of Starr's actions. The Tax Court then denied the motion to shift the burden. Avery now argues that Judge Hall, in her decision, impermissibly used this evidence as substantive support for the Commissioner's action. This argument is incorrect. The court cited the testimony only to show that Avery had not proved the Commissioner's determination to be arbitrary and capricious. This use of the testimony was consistent with its limited admission on the motion to shift the burden of proof, as the issue on that motion was the same.

█ Avery's other contentions depend on her argument that the Commissioner had no basis for extrapolating the conceded sales to the agent to estimated total sales of $60,000 for the three-month period. The agent testified that when he bought the heroin the first time Avery said she hoped to see him often, and that at a later purchase she told him that she had thought she would see him more. These statements certainly indicated that she was conducting a heroin business rather than simply accommodating the agent. It was also clear that Avery made several expensive purchases about this time, using large quantities of cash for the purpose. In their testimony, Avery and her boyfriend gave other explanations for these events, but the judge refused to credit their statements, and we see no reason to question the court's judgment.

*Demkowicz v. Commissioner*, 551 F.2d 929 (3d Cir. 1977), is cited by the taxpayer. While it supports the truism that the testimony of the taxpayer can overcome the Commissioner's presumption of correctness, the case also points out that the court need not believe the testimony.

█ The Commissioner's estimate of the extent of Avery's sales may be inaccurate, but it is rationally based and presumptively correct. Since she failed to present evidence to overcome the presumption, the Commissioner's determination must stand.

Affirmed.