JOSEPH D. NIELSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nielsen v. Commissioner
Docket No. 3644-74.
United States Tax Court
T.C. Memo 1983-326; 1983 Tax Ct. Memo LEXIS 451; 46 T.C.M. (CCH) 394; T.C.M. (RIA) 83326; June 8, 1983. *451 Joseph D. Nielsen, pro se. Scott N. McCallum and Richard Elliott, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion for Judgment on the Pleadings filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120, Tax Court Rules of Practice and Procedure, [2] on April 19, 1983. In his notice of deficiency issued to petitioner on March 22, 1974, respondent determined deficiencies in petitioner's Federal income tax and additions to the tax for the taxable *452 calendar years 1971 and 1972 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(a) [3]
1971
$819.78
[4] $40.99
1972
940.34
[4] 47.02
The adjustments to income as determined by respondent in his deficiency notice are as follows: 1971
1972
Unreported tip ("toke")
income
$4,096.00 $4,399.56 Personal Exemption
(675.00)
(750.00)
Standard Deduction
(1,719.20)
(1,754.00)
$1,701.80 $1,895.56 Petitioner filed a petition and an amendment to petition on May 28, 1974. Respondent filed an answer on July 19, 1974 and an answer to petition and amendment to petition on September 18, 1975. Hence, the pleadings are closed. Respondent's motion was filed more than 30 days after the pleadings were closed.See Rules 34, 36, 38, and 120. Petitioner resided in Las Vegas, Nevada on the date he filed his petition. He filed Individual *453 1971 and 1972 Federal income tax returns with the Internal Revenue Service. In 1971 and 1972 petitioner was a dealer at a gambling casino in Reno, Nevada. During 1971 and 1972 petitioner received toke income from that employment in the respective amounts of $4,096.00 and $4,399.56, none of which was reported on the Federal income tax returns filed for those respective years. [5]
Petitioner's sole contention is that the tokes he received in 1971 and 1972 were gifts. It is well settled that tokes are not gifts but taxable income which must be included in a taxpayer's gross income. Olk v. United States,536 F.2d 876 (9th Cir. 1976); [6]Talmadge v. Commissioner,T.C. Memo. 1983-268; Garcia v. Commissioner,T.C. Memo. 1983-264; Williams v. Commissioner,T.C. Memo. 1980-494. *454 Respondent's determinations herein are presumptively correct and the burden is on petitioner to establish that they are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Avery v. Commissioner,574 F.2d 467, 468 (9th Cir. 1978); Rule 142(a). Petitioner has totally failed to show that those determinations are incorrect. Rule 120 provides in part-- (a) General. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. * * * [7]
On this record, respondent has demonstrated to our satisfaction that the pleadings do not raise a genuine issue of material fact, but rather involve only an issue of law. Accordingly, for the reasons heretofore expressed herein, respondent's *455 motion will be granted. In view of respondent's concession. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended. ↩
4. Respondent, for purposes of his motion only, concedes the additions to the tax.↩
5. The sparse but essential facts herein are based on the allegations of respondent's answer to petition and amendment to petition and his answer admitting allegations of the petition and amendment to petition.↩
6. We observe that venue on appeal of this case would lie in the United States Court of Appeals for the Ninth Circuit.↩
7. With respect to Rule 120(a), the note following thereafter (60 T.C. 1126) states, in part-- "* * * This motion is not to be made until the pleadings are closed. It is appropriate only where the pleadings do not raise a genuine issue of material fact, but rather involve only issues of law.The motion is to be granted only if, on the admitted facts, the moving party is entitled to a decision."↩