CARLLEEN ASHWORTH LAMBERT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lambert v. Commissioner
Docket No. 8625-74.
United States Tax Court
T.C. Memo 1983-331; 1983 Tax Ct. Memo LEXIS 456; 46 T.C.M. (CCH) 401; T.C.M. (RIA) 83331; June 8, 1983. *456 Carlleen Ashworth Lambert, pro se. Scott N. McCallum and Richard Elliott, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion for Jugment on the Pleadings filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120, Tax Court Rules of Practice and Procedure, [2] on April 19, 1983. In his notice of deficiency issued to petitioner on August 16, 1974, respondent determined a deficiency in petitioner's Federal income tax and an addition to the tax *457 under section 6653(a) [3] for the taxable calender year 1971 in the respective amounts of $468.00 and $23.40. [4]
The sole adjustment to income as determined by respondent in his deficiency notice is for unreported tip ("toke") income received by petitioner in 1971 in the amount of $2,560.52. Petitioner filed her petition on October 29, 1974 and respondent filed his answer thereto on December 26, 1974. Hence, the pleadings are closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 120. Petitioner resided in Reno, Nevada on the date she filed her petition. She filed an Individual 1971 Federal income tax return with the Internal Revenue Service. In 1971 petitioner was a dealer at a gambling casino in Reno, Nevada. During 1971 petitioner received toke income in the amount of $2,560.52, none of which was reported on the Federal income tax return filed for that year. *458 [5]
Petitioner's sole contention is that the tokes she received in 1971 were gifts. It is well settled that tokes are not gifts but taxable income which must be included in a taxpayer's gross income. Olk v. United States,536 F.2d 876 (9th Cir. 1976); [6]Talmadge v. Commissioner,T.C. Memo. 1983-268; Carcia v. Commissioner,T.C. Memo. 1983-264; Williams v. Commissioner,T.C. Memo. 1980-494. Responent's determinations herein are presumptively correct and the burden is on petitioner to establish that they are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Avery v. Commissioner,574 F.2d 467, 468 (9th Cir. 1978); Rule 142(a). Petitioner has totally failed to show that those determinations are incorrect. Rule 120 provides in part-- (a) General. After the pleadings are closed but within such time as not to delay *459 the trial, any party may move for judgment on the pleadings. * * * [7]
On this record, respondent has demonstrated to our satisfaction that the pleadings do not raise a genuine issue of material fact, but rather involve only an issue of law. Accordingly, for the reasons heretofore expressed herein, respondent's motion will be granted. In view of respondent's concession An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended. ↩
4. Respondent, for purposes of his motion only, concedes the addition to the tax.↩
5. The sparse but essential facts herein are based on the allegations of respondent's answer admitting allegations of the petition.↩
6. We observe that venue on appeal of this case would lie in the United States Court of Appeals for the Ninth Circuit.↩
7. With respect to Rule 120(a), the note following thereafter (60 T.C. 1126) states, in part-- "* * * This motion is not to be made until the pleadings are closed. It is appropriate only where the pleadings do not raise a genuine issue of material fact, but rather involve only issues of law.The motion is to be granted only if, on the admitted facts, the moving party is entitled to a decision."↩