T.C. Memo. 1995-524


UNITED STATES TAX COURT


DOYLE A. KING, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

NEVAN Y. KING, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket Nos. 26059-93, 26060-93.          Filed November 6, 1995.

Petitioners filed no Federal tax returns for 1990 and
1991, and failed to produce books and records from
which their taxable income could be determined. Held:
respondent's application of Consumer Price Index (CPI)
to petitioners' 1989 return information to determine
their 1990 and 1991 income approved; Held, further,
respondent's revised application of CPI to petitioners'
1989 return figures for the purpose of asserting
increased deficiencies not approved; Held,
further, petitioners are liable for additions
to tax under secs. 6651(a)(1), I.R.C., and
6654, I.R.C.


Doyle A. King and Nevan Y. King, pro se.

Robert E. Cudlip, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, <u>Judge</u>: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows:

<u>Doyle A. King</u>

| | | Additions to Tax | |
|------|------------|----------|----------|
| Year | Deficiency | Sec. 6651 | Sec. 6654 |
| 1990 | $9,517 | $2,334 | $- 0 - |
| 1991 | 15,473 | 3,853 | 878 |

<u>Nevan Y. King</u>

| | | Additions to Tax | |
|------|------------|----------|----------|
| Year | Deficiency | Sec. 6651 | Sec. 6654 |
| 1990 | $28,908 | $7,227 | $- 0 - |
| 1991 | 35,964 | 8,991 | 2,050 |

By Amended Answer, respondent asserts the following increased deficiencies:

<u>Doyle A. King</u>

| | | Additions to Tax | |
|------|------------|----------|----------|
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
| 1990 | $28,291 | $6,218 | $1,490 |
| 1991 | 28,772 | 7,193 | 1,656 |

<u>Nevan Y. King</u>

| | | Additions to Tax | |
|------|-------------|----------|----------|
| Year | Deficiecncy | Sec. 6651(a) | Sec. 6654 |
| 1990 | $40,317 | $9,224 | $1,578 |
| 1991 | 41,871 | 10,460 | 2,406 |

After concessions, the issues for decision are:

(1) Whether petitioner Doyle A. King (Doyle) received wages of $2,400 and $1,000 in 1990 and 1991, respectively.

(2) Whether petitioners received interest income of $351 and $750 in 1990 and 1991, respectively.

(3) Whether Doyle had Schedule C income from his Delta Valley Realty business of $50,831 and $52,971 in 1990 and 1991, respectively.

(4) Whether Doyle had a Schedule C business net loss from Matol of $12,610 and $13,141 in 1990 and 1991, respectively.

(5) Whether petitioner Nevan Yvonne King (Yvonne) had Schedule C income from her Yvonne King real estate business of $93,001 and $96,916 in 1990 and 1991, respectively.

(6) Whether Yvonne had partnership income from the King & Anderson Partnership of $7,051 and $7,348 in 1990 and 1991, respectively.

(7) Whether Doyle is liable for self-employment taxes of $5,400 and $5,728 in 1990 and 1991, respectively.

(8) Whether Yvonne is liable for self-employment taxes of $7,849 and $9,414 in 1990 and 1991, respectively.

(9) Whether petitioners are entitled to self-employment tax deductions in 1990 and 1991 equal to one-half of their selfemployment tax.

(10) Whether petitioners are entitled to a deduction for two personal exemptions in each of the taxable years, 1990 and 1991.

(11) Whether petitioners' deduction for personal exemptions is subject to a partial phase-out under section 151(d)(3) in 1991.

(12) Whether petitioners are entitled to itemized deductions of $12,049 and $9,739 in taxable years 1990 and 1991, respectively.

(13) Whether petitioners are liable for the addition to tax for failure to file pursuant to section 6651(a)(1) for 1990 and 1991.

(14) Whether petitioners are liable for the addition to the tax

for failure to pay estimated tax pursuant to section 6654 for 1990 and 1991.

(15) Whether respondent correctly applied the Consumer Price Index (CPI) to petitioners' 1989 joint return figures to determine petitioners' 1990 and 1991 tax liability, and to establish asserted increased liabilities.

Respondent concedes that petitioners are entitled to a filing status of "married, filing joint return."

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioners were residents of Stockton, California, when they filed their petitions. Doyle is primarily a real estate broker. In 1990 and 1991, and in prior years, he owned and operated a real estate brokerage business under the name of Delta Valley Realty (Delta Valley). During 1990 and 1991, Yvonne worked at Delta Valley as a real estate agent.

In 1990, Yvonne received non-employee compensation income of $111,855 from Delta Valley as reported on a Form 1099. In the same year, she had Form 1099 non-employee compensation income of $1,998 from Phoenix International Marketing Corporation of Sparks, Nevada.

Neither petitioner filed a timely Federal income tax return for 1990 or 1991. However, copies of signed joint returns for 1990 and 1991 were stipulated. Respondent's opening brief states that these

documents were delivered to respondent's counsel on November 14, 1994, approximately 3 weeks before the call of the calendar upon which this case was listed for trial. Official IRS transcripts of petitioners' accounts do not reflect that the returns were ever formally filed.

Petitioners' 1989 tax year was the subject of a previous case in this Court; namely, King v. Commissioner, T.C. Memo. 1994-318. For that year petitioners filed a joint Federal income tax return. Since petitioners had filed no returns for 1990 and 1991 at the time respondent's agent began the audit of petitioners' tax affairs for those years, and failed to provide records on the basis of which petitioners' correct liability could be determined, the revenue agent reconstructed petitioners' income for 1990 and 1991 by reference to information provided by third parties (IRP) and by application of the consumer price index (CPI) to amounts reported on petitioners' 1989 return.

Since Doyle and Yvonne filed no returns, respondent issued separate notices of deficiency to them for the years in issue. Petitioners' 1989 joint return contained three separate Schedules C, two for Doyle and one for Yvonne. Since California is community property state, respondent took a protective position in the notices of deficiency, attributing to each petitioner 100 percent of such petitioner's income, and also attributing to each petitioner 50 percent of the other petitioner's Schedule C income. Since respondent now concedes that petitioners' 1990 and 1991 income tax liability may

be computed on the basis of married, filing jointly, respondent's protective position will be modified under Rule 155.

The notice of deficiency issued to Doyle was based upon the adjustments in the following chart:

| Item and Source | | 1990 | 1991 |
|---|---|---|---|
| Wages - information from third party IRP | | $2,400 | $1,000 |
| Interest - IRP | | 130 | 370 |
| Doyle King's two 1989 Schedules C (Delta Valley Realty and Matol) - 1990 and 1991 - CPI | | 9,075 | 9,456 |
| One-half of Yvonne's 1989 Schedule C - Yvonne King Real Estate (1990 IRP income; CPI expenses) | | 45,832 | |
| (1991 CPI based upon the 1990 figures) | | | 47,757 |
| Rental income - source unknown | | -0- | 8,000 |
| Exemption deduction | | (2,050) | (2,150) |
| Self-employment tax deduction | | (641) | (668) |
| Mortgage interest deduction - | | | |
| 1990 and 1991 - IRP | | (7,368) | (7,536) |
| Schedule A phase-out amount | | -0- | 477 |
| Total adjustments | | 47,378 | 56,706 |
| Income tax | | 11,565 | 14,137 |
| Prepayment credit | | 3,330 | -0- |
| Income tax balance | 8,235 | 14,137 | |
| Self-employment tax | | 1,282 | 1,336 |
| Total tax liability | | 9,517 | 15,473 |

(The Revenue Agent who prepared the original deficiency notices totaled Doyle's 1989 gross income from the two Schedules C and applied the CPI to that figure, and totaled Doyle's 1989 expenses from the two Schedules C and applied the CPI to that figure to arrive at one combined 1990 Schedule C net income for Doyle.)

The prepayment credit was erroneously taken into consideration prior to arriving at the deficiency figure. The deficiency should have been calculated without taking into consideration prepayment credits.

The notice of deficiency issued to Yvonne was based upon the adjustments in the following chart:

| Item and Source | 1990 | 1991 |
|---|---|---|
| One-half of Doyle's wages - IRP | $1,200 | $500 |
| Interest - IRP | 221 | 370 |
| one-half of Doyle's two | | |
| Schedules C net income | 4,538 | 4,728 |
| Schedule C | | |
| Yvonne King Real Estate | | |
|   (1990 IRP income, CPI expenses) | 91,663 | -0- |
|   (1991 CPI applied to the 1990 figures) | | 95,513 |
| Rental income - source unknown | -0- | 8,000 |
| Exemption deduction | (2,050) | (1,118) |
| Self-employment tax deduction | (3,925) | (4,590) |
| Mortgage interest deduction - | | |
|   1990 and 1991 - IRP | (5,411) | (7,536) |
|     Total adjustments | 86,236 | 97,503* |
|     *Per the deficiency notice. | | |
| Income tax | 24,389 | 26,784 |
| Prepayment credit | 3,330 | -0 |
| Income tax balance | 21,059 | 26,784 |
| Self-employment tax | 7,849 | 9,180 |
| Total tax liability | 28,908 | 35,964 |

The prepayment credit was erroneously taken into consideration prior to arriving at the deficiency figure. The deficiency should have been calculated without taking into consideration prepayment credits.

For 1990 and 1991, petitioners had income, as reflected in

third party documents, as follows:

| Source | 1990 | 1991 |
|---|---|---|
| Diversified 10, Inc. - | | |
| Doyle's wages | $2,400 | $1,000 |
| Union Safe Deposit Bank interest | 260 | 20 |
| Stockton Savings Bank interest | 91 | 22 |
| U.S. Treasury | | 697 |
| King & Anderson Partnership | 7,051 | |
| Delta valley Realty - Yvonne's non-employee compensation | 111,855 | |
| Phoenix International Marketing Corporation | 1,998 | |

Respondent concedes that neither Doyle or Yvonne received $8,000 in rental income for 1991, and that petitioners are entitled to a $6 deduction in 1991 for early interest withdrawal penalty.

Doyle had a net loss of $12,610 from his Matol business in 1990. Doyle had discontinued his involvement with the Matol business by 1991, so is entitled to no loss deduction for that year.

Doyle is liable for 1990 self-employment tax based upon his net self-employment income from his Delta Valley Realty business,  reduced by a net loss of $12,610 from his Matol business.

Doyle is liable for 1991 self-employment tax based upon his net self-employment income from his Delta Valley Realty business.

Yvonne is liable for 1990 self-employment tax based upon her  net self-employment income from her Yvonne King Real Estate Sales   & Service business. She is also liable for 1991 self-employment tax based upon her net self-employment income from that business.

Doyle is entitled to self-employment tax deductions for 1990  and 1991 under section 164(f) in amounts equal to one-half of his self-employment income from Delta Valley Realty in those years. Yvonne is entitled to self-employment tax deductions for 1990 and 1991 under section 164(f) in amounts equal to one-half of her self-employment tax for those years.

Petitioners are entitled to itemized deductions in 1990 of $9,739, which amount is mortgage interest of $12,777 less $3,038 of mortgage interest allowed on Doyle's 1990 Schedule C for Delta Valley Realty.

Petitioners are entitled to itemized deductions in 1991 of 12,049, which amount is mortgage interest of $15,215 less $3,166 of mortgage interest allowed on Doyle's 1991 Schedule C for Delta    Valley Realty, and the $6 interest penalty referred to above.

Petitioners made payments towards their 1990 tax liability of $6,842, which consists of an estimated tax payment on April 15, 1990, of $6,659, plus a withholding tax credit of $183, based upon Doyle's wages from Diversified 10, Inc. Petitioners

made no payments of their 1991 tax liability.

A Form 1041, U.S. Fiduciary Income Tax Return, for 1991,for an entity known as "King Trust" was filed with the IRS Service Center in Andover, Massachusetts, on September 30, 1992. A Form 1041, U.S. Fiduciary Income Tax Return, for 1991, for an entity known as "Delta Valley Realty Trust" was filed with the IRS Service Center in Philadelphia, Pennsylvania, on September 28, 1992.

Petitioners are entitled to one personal exemption each for 1990 and 1991.

Petitioners' deduction for personal exemptions may be subject to a computational partial phase-out under section 151(d)(3) in 1991.

A 1991 "Corrected Form 1041," for Delta Valley Realty Trust, which was presented at trial, but not filed with the IRS, reflects total income of $202,454, and total deductions of $202,381.

On April 24, 1991, Doyle decided to "untax" after attending several tax protester meetings. His so-called untaxing followed Pilot Connection's "method and techniques" which included not signing tax returns.

William N. Van Dyke, a Stockton, California, attorney, advised Doyle that in preparing for the trial of this case, he, Doyle, should not reveal any information about any trust in

response to an informal request by the IRS, but only in response to a discovery order or subpoena.

## OPINION

Petitioners are in the real estate business. Although they filed a joint income tax return for 1989 which reflected substantial income from their joint endeavors, they filed no returns for 1990 and 1991, the years in issue. About 3 weeks before trial they delivered signed joint returns for those years to respondent's counsel. These documents are stipulated as part of the record. Petitioners failed to produce any records, either during the audit process or in preparation for trial or at trial, on the basis of which respondent or the Court could reconstruct their income. Consequently respondent reconstructed petitioners' income by using third party information and application of the CPI to amounts appearing on petitioners' 1989 return, as modified pursuant to our opinion in King v. Commissioner, T.C. Memo. 1994-318.

Although both petitioners participated in the trial of this case, only Doyle testified. In his testimony he made no effort to establish the couples' correct taxable income for the 2 years in question. Rather, his testimony consisted mainly of complaints about repeated IRS audits, which, judging from this case, were the result of petitioners' own persistent refusal to

participate cooperatively in the audit process or preparation for trial.

Respondent's determinations in the notices of deficiency are presumed correct, and the burden of proof rests with petitioners to establish that such determinations are incorrect. Rule 142(a). Respondent filed amended answers in which increased deficiencies are asserted, and under the same Tax Court Rule respondent bears the burden of proof as to these increased amounts.

If a taxpayer fails to file a return, the Commissioner may reconstruct the taxpayer's income using third party information, and such calculation is presumptively correct. Avery v.Commissioner, 574 F.2d 467, 468 (9th Cir. 1978), affg. T.C. Memo. 1976-129. Furthermore, if a taxpayer fails to produce business books and records, the Commissioner is authorized to determine the taxpayer's income using the CPI in conjunction with a past year's return. Edwards v. Commissioner, 680 F.2d 1268 (9th Cir. 1982), affg. an unreported Tax Court Order.

Petitioners complain that Respondent's resort to third party information and the use of the CPI is unfair because 1989 was a much better year for them than 1990 and 1991 due to the collapse of the California real estate market. The fact that the Court has no way of evaluating this contention is of

petitioners' own doing, due to their hit or miss approach for presenting evidence in this case.

We also note that the "corrected" 1991 Form 1041 for the Delta Valley Realty Trust reported gross income of $202,454, an indication that petitioners' real estate activities continued to generate substantial sums for that year, at least.

As previously stated, respondent filed an amended answer, in which increased deficiencies are asserted. These increased deficiencies constitute new matters, as to which respondent has the burden of proof. Rule 142(a); Achiro v. Commissioner, 77 T.C. 881, 890 (1981).

Respondent argues that the theory that was essentially relied upon in determining the original deficiencies was relied upon in arriving at the increased deficiencies. Accordingly, respondent argues that she has sustained her burden of proof as to the new matters through the "same theory" approach and through the testimony of a revenue agent who prepared the revised revenue agent's report upon which respondent's increased deficiency figures are based. Insofar as the asserted increased deficiencies are based upon CPI extrapolations, we do not agree with respondent. Respondent cites no authority to support her position, and we know of none.

The presumption of correctness in favor of the Commissioner is a procedural device that requires the taxpayer

to come forward with enough evidence to support a finding contrary to the Commissioner's determination. Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir. 1975), affg. T.C. Memo. 1972-133. The Court of Appeals for the Ninth Circuit has characterized the burden of proof as a burden of persuasion. Id.

In the case before us respondent's initial determinations, though based upon CPI extrapolations, are entitled to the presumption of correctness which petitioners have failed to overcome. They have failed to introduce any reliable evidence on the basis of which the Court could arrive at a conclusion as to their tax liabilities different from that determined by respondent (giving effect, of course, to certain concessions by respondent).

The same may not be said of the increased deficiencies asserted in the amended answer. The CPI extrapolations, standing alone without the presumption of correctness that the deficiency notices afford are insufficient to satisfy respondent's burden of proof in this case. CPI extrapolations are, almost by definition, educated guesses which respondent may reasonably rely upon in deficiency notices under conditions similar to those in this case, which taxpayers may refute by introducing specific objective evidence showing the correct tax liability. But here respondent has the burden of proof as to

asserted increased deficiencies under Rule 142(a), and we do not accept these educated guesses as substitutes for actual facts to satisfy respondent's burden of proof, or, in the words of the Rockwell v. Commissioner, supra, the burden of persuasion.

Respondent's increased deficiencies are based to some extent upon specific third party information, or upon documents furnished by petitioners, themselves containing data constituting admissions against interest. These items are detailed in our findings of fact and are sufficient to shift to petitioners the burden of going forward with the evidence, which petitioners have not carried. we therefore sustain the increased deficiencies to the extent based upon this type of evidence.

We have based our findings of fact upon the application of the CPI to petitioners' 1989 return, third party documentation, and respondent's concessions, but not by applying the CPI to support respondent's asserted increased deficiencies. No useful purpose would be served by reiterating each of these items at this point.

Petitioners, presumably on the advice of counsel, declined to furnish copies of trust instruments or other documents that would explain petitioners' relationship to the King Trust or the Delta Valley Realty Trust. Doyle testified that he could

get the trust income, if there was income. The 1991 "Corrected Form 1041" for the Delta Valley Realty Trust reflected "Other Income" of $202,454, and net income of $73. The scanty information that petitioners have chosen to reveal about the two trusts is insufficient to overcome the presumption of correctness of respondent's determination, as modified herein, for 1991.

Section 1401 imposes a tax on self-employment income of individuals. Respondent properly determined that petitioners are liable for self-employment tax on their respective business incomes in 1990 and 1991. Section 164(f) provides a deduction to an individual of an amount equal to one-half of the taxes imposed by section 1401 for the taxable year. The amounts of selfemployment taxes due and allowable.deductions under section 164(f) will be computed under Rule 155.

Petitioners are entitled to one deduction each for personal exemptions under section 151, subject, however, to a possible "phaseout" under section 151(d)(3). The allowable amounts will also be established in the Rule 155 computations.

The Rule 155 computations will also give effect to respondent's concession that petitioners are entitled to a filing status of "married, filing joint return."

Section 6651 imposes an addition to tax of 5 percent for each month, or portion thereof, that a return is delinquent, up to a

maximum of 25 percent. While petitioners delivered signed 1990 and 1991 joint returns to respondent's counsel on November 14, 1994, they filed nothing for those years prior to that time. Since extensions of time within which to file were neither requested nor granted for 1990 and 1991, the returns for those years were due on April 15, 1991, and April 15, 1992, respectively. Petitioners are therefore liable for the 25percent delinquency additions to tax for 1990 and 1991 pursuant to section 6651(a)(1).

Petitioners made a 1990 estimated tax payment of $6,659, and are entitled to a $183 withholding tax credit for 1990, and made no estimated tax payments for 1991. Petitioners are liable for the addition to tax under section 6654 for failing to make sufficient estimated tax payments for those years. The correct amounts of underpayment and additions to tax under section 6654 will be determined under Rule 155.

To reflect the foregoing,

<u>Decisions will be</u>

<u>entered under Rule 155</u>.