108 F.3d 338
 79 A.F.T.R.2d 97-1339, 97-1 USTC P 50,276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary NEHUS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70566.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Nehus appeals pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's (the "Commissioner") determination of deficiencies in his federal income taxes and additions to tax for the tax year 1989. We have jurisdiction under I.R.C. § 7482. We review for clear error, Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991), and affirm.
 
 A. Unreported Income
 
 3
 We reject Nehus's contention that the Tax Court clearly erred by finding that he had unreported income in the amount of $746.00 in 1989 because the Tax Court's finding was supported by sufficient evidence and Nehus failed to show that the income was nontaxable. See Avery v. Commissioner, 574 F.2d 467, 468 (9th Cir.1978) (per curiam) (upholding the Tax Court's decision in favor of the Commissioner where the government submitted evidence of unreported income and the taxpayer failed to submit any evidence to overcome the presumption of correctness which attached to the Commissioner's determination); cf. Weimerskirch v. Commissioner, 596 F.2d 358, 361-62 (9th Cir.1979) (reversing the Tax Court's decision in favor of the Commissioner where the government failed to submit any evidence of unreported income).
 
 B. Deductions
 
 4
 We also reject Nehus's contention that the Tax Court clearly erred by finding that Nehus was not entitled to various deductions which he claimed for the tax year 1989 because Nehus failed to substantiate any of the claimed deductions. See Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985) (stating that the taxpayer has the burden of proof to substantiate claimed deductions).
 
 C. Additions to tax
 
 5
 Finally, we reject Nehus's contention that the Tax Court clearly erred by upholding the Commissioner's additions to tax under I.R.C. § 6662(a)(1) and (b)(1) for negligence or disregard of the rules or regulations. The record amply supports the Tax Court's finding of negligence and Nehus failed to show that he acted reasonably. See Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir.1991); Allen, 925 F.2d at 353.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, the appellant's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motion to file his reply brief is granted. Appellant's reply brief is ordered filed