United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-60656
Summary Calendar

THOMAS C. SANDOVAL, JR.,

Petitioner-Appellant,

versus

COMMISSIONNER OF INTERNAL REVENUE,

Respondent-Appellee.

Appeal from a Decision of the United States Tax Court
16395-98

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM[*]:

Appellant Thomas C. Sandoval, Jr. ("Sandoval") asserts that the Tax Court erred in ruling

in favor of Appellee Commissioner of Internal Revenue ("Commissioner"). We affirm.

### I. FACTS AND PROCEEDINGS

In 1994, Sandoval was married and the owner of three residential rental

properties—Seabrook, Indiana, and Jones Maltzberger—from which he received rental income. On

the tax return prepared by his CPA, Sandoval omitted his rental income and incorrectly claimed single

status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

After auditing Sandoval's tax return, the Commissioner found several irregularities with his tax return. The parties settled most of the issues in dispute, but left four issues for the Tax Court to resolve. The Tax Court held in favor of the Commissioner on all the issues. On appeal, the issues are whether the Tax Court correctly found that: (1) Sandoval's unreported income from Seabrook was $3900; (2) Sandoval was not entitled to deduct depreciation expenses for Seabrook and Indiana in excess of those the Commissioner agreed to allow; (3) Sandoval was not entitled to net operating loss carryover deductions; and (4) Sandoval was liable for an accuracy-related penalty for negligence under Section 6662.

## II. STANDARD OF REVIEW

"The Tax Court's determinations of law—for example, interpretations of statutory language—are reviewed *de novo*, while its factual findings are reviewed for clear error." *Stanford v. Comm'r of Internal Revenue*, 152 F.3d 450, 455 (5th Cir. 1998).

## III. DISCUSSION

First, the Commissioner provided indicia that Sandoval received the unreported income, which consisted primarily of testimony from the Revenue Officer as to how she reached the $3900 figure.[1] *Portillo v. Comm'r*, 932 F.2d 1128, 1133 (5th Cir. 1991) (holding that in unreported income cases, the Commissioner must provide "some indicia that the taxpayer received unreported income" in order to shift the burden of proof to the taxpayer to disprove the Commissioner's determination of unreported income). Sandoval argues that the Revenue Officer's testimony was hearsay and inadmissible to show the amount of unreported income. The Tax Court did not admit the testimony for its truth, but instead for the purpose of showing how the Revenue Officer made her determination.

---

[1] According to the Revenue Officer, the renter living at Seabrook indicated that the monthly rent was $325, and Sandoval stated that he received $192 every two weeks.

Although the testimony was not admitted for its truth, it was sufficient to shift the burden of proof to Sandoval. *Williams v. Comm'r*, 999 F.2d 760, 765-66 (4th Cir. 1993) (holding that "[h]earsay evidence inadmissible for its truth value may nonetheless be considered in determining whether a burden of proof should be shifted from the Taxpayer to the Commissioner"); *Avery v. Comm'r*, 574 F.2d 467, 468 (9th Cir. 1978) (same). For this reason, Sandoval bore the burden of proving that the Commissioner's determination was incorrect. *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Portillo*, 932 F.2d at 1133. Sandoval provided no substantive evidence to prove the inaccuracy of the Commissioner's determination; therefore, the Commissioner's determination remains presumptively correct, and the Tax Court's judgment is not clearly erroneous.

Second, the parties agreed that Sandoval was entitled to deduct certain expenses, including wear and tear, from the unreported income he received from Seabrook and Indiana. The parties disagreed on the amount of deductions and the recovery period applicable to each property. Sandoval challenges the Tax Court's determinations on both issues. As the taxpayer claiming the deduction, Sandoval bears the burden of proof of showing that he satisfies all of the requirements for the deduction. *Newark Morning Ledger Co. v. United States*, 507 U.S. 546, 566 (1993). On appeal, Sandoval presents no substantive evidence in support of his argument; therefore, he has failed to meet his burden of proof, and the Tax Court's judgment is not clearly erroneous.

Third, the Tax Court found that Sandoval had incurred net operating losses in past years, but those losses had been absorbed prior to 1994. Sandoval challenges this finding, but he presents no substantive evidence in support of his argument. For this reason, the Tax Court's judgment is not clearly erroneous.

Fourth, the Commissioner determined that Sandoval was liable for an accuracy-related penalty equal to 20 percent of his underpayment on the ground that it was attributable to his negligence. Such determinations of negligence are presumptively correct, and Sandoval has the burden of proving that an underpayment was not due to his negligence. *Kenco Rests., Inc. v. Comm'r*, 206 F.3d 588, 597 (6th Cir. 2000). Sandoval challenges this finding, but he presents no substantive evidence in support of his argument. For this reason, the Tax Court's judgment is not clearly erroneous.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the judgment of the Tax Court.