**Michael KORN, Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 74–1660.**

United States Court of Appeals, Ninth Circuit.

Oct. 23, 1975.

Michael Korn (argued), of Marblestone & Korn, Sherman Oaks, Cal., for petitioner-appellant.

Michael J. Roach (argued), of Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

## OPINION

Before MERRILL and WRIGHT, Circuit Judges, and FERGUSON,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Taxpayer appeals a Tax Court decision which sustained the Commissioner's assessment of an income tax deficiency for the taxable years 1966, 1967, and 1968. The appeal presents the question whether 1965, the year chosen by the taxpayer to claim the loss of certain property located in Poland, was the appropriate

year for such a deduction under 26 U.S.C. § 165(a). If the loss were properly deductible in 1965, then the taxpayer was entitled to the net operating loss carryover deductions for the years in question [26 U.S.C. § 172(b)(1)(D)]. We hold that the loss was not properly deductible in 1965 and affirm the decision of the Tax Court.

The taxpayer was born in Poland. Prior to his departure in 1940 and his subsequent acquisition of American citizenship, he became owner of a one-twelfth interest in a parcel of improved, real property in Lodz, Poland. On numerous occasions after World War II the taxpayer and his family attempted by various means to ascertain the status and physical condition of the property. In 1947 they procured a certificate from a Polish court which verified taxpayer's legal title to the land until at least August 20, 1948. The taxpayer also corresponded periodically with the caretaker of the property whom the family had appointed before leaving in 1940. However, in 1947 and thereafter that person had been paid a salary by the city of Lodz. Additional improvements were made to the property during this period without the consent of the taxpayer or his family. The rents produced by the property did not go to the taxpayer and he did not know to whom they went.

This state of affairs continued through 1960 when the United States and Poland executed the Polish Claims Agreement authorizing the Foreign Claims Settlement Commission to settle claims of United States nationals with respect to property taken by the Polish government.

The taxpayer learned in 1961 that a Polish national had acquired title to the land through an inheritance proceeding in 1953 and he filed a claim to the land with the Settlement Commission in that year. In 1965 the Settlement Commission determined that title to the property had not been affected by the 1953 inheritance proceeding which it deemed

* Honorable Warren Ferguson, United States District Judge, Central District of California, sitting by designation.

fraudulent, but that it had passed in 1956 to the Polish government under an abandonment statute. The taxpayer was therefore entitled to damages.

▮ Taxpayer contends that the loss was properly deductible in 1965, the year of the Settlement Commission decision. The IRS, while conceding that the taxpayer did in fact suffer a loss, maintains that it occurred no later than 1951. The burden of proof is on the taxpayer to establish that the loss is deductible in the year in which it is claimed. *Burnet v. Houston,* 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991 (1931). The Tax Court determined this issue adversely to the taxpayer. The year in which a loss occurred is a question of fact. *Boehm v. Commissioner,* 326 U.S. 287, 294, 66 S.Ct. 120, 90 L.Ed. 78 (1945). As such, it will not be disturbed on appeal unless clear error appears. *National Brass Works, Inc. v. Commissioner,* 205 F.2d 104, 107 (9th Cir. 1953).

▮ The Tax Court's determination that the taxpayer had lost the relevant incidents of ownership no later than 1951 is not clearly erroneous. The Taxpayer did not maintain physical control over the property, even constructively, after 1947 when the caretaker became a salaried city employee. Taxpayer did not consent to the improvements nor did he receive the rents. He made no showing that he could have disposed of the property at any time during that period.

▮ Taxpayer argues that the Tax Court decision was erroneous because it failed to rely on evidence which showed that he believed, at least as late as 1961, that he was the record owner of the property. This contention is without merit. The taxpayer's belief as to ownership of the property, while it may be considered, is not decisive. *Boehm, su-*

*pra* 326 U.S. at 292–3, 66 S.Ct. 120. Moreover, even if taxpayer's belief that he was the record owner of the property was justified, the actual retention of legal title in the face of signs of practical dispossession is not persuasive. *Estate of Fuchs v. Commissioner,* 413 F.2d 503, 507 (2d Cir. 1969).

Taxpayer's contention that, until the Settlement Commission decision of 1965, he was the record owner of the property is also unsupportable. In addition to the Tax Court findings that taxpayer had lost all relevant incidents of ownership no later than 1951, the Settlement Commission decision specifically found that the property had passed to the Polish government in 1956. While the decision might have affected taxpayer's beliefs and dashed his hopes, the transfer of title had occurred previously.

▮ Finally, taxpayer argues that, even if the loss occurred earlier than he contends, he was entitled under Treas. Reg. § 1.165–1(d)(2)(i) to claim the loss in 1965 because until that year he had a reasonable prospect of recovery on the loss. The prospect of recovery is a factual determination and the burden of proof is on the taxpayer. *Estate of Fuchs, supra* at 507.

▮ The Tax Court found that from 1951 when all relevant incidents of ownership were lost until the signing of the Polish Claims Agreement in 1960, the taxpayer could not have maintained a reasonable expectation of recovery. The fact that his expectation was later justified by the Agreement does not alter the unreasonableness of his belief in the interim. This conclusion is not clearly erroneous.

The judgment of the Tax Court is affirmed.