Anthony P. CRACCHIOLA, and Frances A. Cracchiola; Vito Lombardo, and Gilberte Lombardo; Delbert J. Ritter, and Pauline Ritter; Bobbie R. Swan, Petitioners/Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent/Appellee.

Nos. 79–7272, 79–7279, 79–7280 and 79–7282.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 1981.

Decided May 1, 1981.

Anthony P. Cracchiola, in pro. per.

Vito Lombardo and Gilberte Lombardo, in pro. per.

Delbert J. and Pauline Ritter, in pro. per.

Bobbie R. Swan, in pro. per.

Daniel F. Ross, Washington, D. C., for respondent/appellee.

Before BROWNING, PREGERSON and BOOCHEVER, Circuit Judges.

PER CURIAM.

Petitioners are waiters and waitresses who were assessed deficiencies in 1973 and 1974 for unstated and understated income derived from tips. They challenged the Commissioner's determinations and the Tax Court upheld the deficiency determinations. *Cracchiola v. Commissioner*, [1979] Tax Ct. Rep.Dec. (P–H) ¶ 79,003.

Petitioners' first argument, that tips are not income is wholly without merit. Section 61(a)(1) of the Internal Revenue Code defines gross income as income from whatever source derived, including compensation for services. The Regulations expressly provide that tips are income. Treas. Reg. § 1.61–2(a)(1) (1960). *See Olk v. United States*, 536 F.2d 876, 879 (9th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 317, 50 L.Ed.2d 287 (1976) (gambling "tokes" are income to craps dealer).

Petitioners' second argument is that the Commissioner's method of determining the amount of tip income they received was

arbitrary, capricious, and an abuse of discretion. Specifically, they argue that the Commissioner had no authority to devise a formula to calculate an amount that was uncertain. This argument is unpersuasive.

■ Section 6001 of the Code requires taxpayers to keep records of their income so that the Commissioner will be able to determine tax liability. Petitioners' arguments, that Section 6001 is void for vagueness and violates the thirteenth amendment prohibition against involuntary servitude, are without merit. Under Section 446(a) of the Code, a taxpayer's income is computed according to the taxpayer's regular method of accounting. If a taxpayer does not have a regular method of accounting, or if the method used does not clearly reflect income, section 446(b) empowers the Commissioner to devise a method that does clearly reflect income. The facts of the present case demonstrate that the petitioners' inadequate records did not clearly reflect the amount of income they received from tips. Thus the Commissioner properly computed income under section 446(b). The petitioners' argument that section 446 is an unconstitutional bill of attainder is patently frivolous.[1]

In *Mendelson v. C. I. R.*, 305 F.2d 519 (7th Cir.), *cert. denied*, 371 U.S. 877, 83 S.Ct. 149, 9 L.Ed.2d 114 (1962), the Commissioner used a formula similar to the one used in the present case to determine the amount of tip income the waitress/taxpayer had received. In *Mendelson*, the Commissioner: (1) ascertained the amount of total sales of the business which were the sources of tips; (2) divided total sales by total number of hours worked by all waiters and waitresses to compute average sales per hour worked; (3) multiplied the average sales per hour by the number of hours taxpayer worked to obtain the total sales serviced by the taxpayer;

and (4) calculated the taxpayer's income by applying a 12% tip rate, where 15% was shown to be the average tip. *Id.* at 521–22. The court in *Mendelson* upheld this method as reasonable.[2] *Id.* at 523.

In the present case, the Commissioner calculated Petitioners' tip income by essentially the same method, except that: (1) the total sales figure was reduced by 25% to account for customers who tipped less than the average 15.8%; (2) a 15.8% tip rate was applied to the reduced total; and (3) the amount of tip income retained by all waiters and waitresses was reduced by approximately 17% to account for tips they gave to busboys, bartenders, and showroom captains. The adjustments in total sales and amount of tips retained reduced petitioners' tip income, although there was no reduction of the average tip rate as used in the *Mendelson* formula. The *Mendelson* reduction from 15% to 12%, however, is less favorable to the taxpayer than the 25% and 17% reductions utilized here.

■ The Commissioner's method of calculating tip income is presumptively correct and will be affirmed as long as it is rationally based. *Avery v. C. I. R.*, 574 F.2d 467, 468 (9th Cir. 1978). The taxpayer has the burden of proving the Commissioner's method to be wrong. *Id.; Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). The petitioners argue that because the Commissioner settled out of court with several other waiters and waitresses, the formula is in some way suspect. This argument is irrelevant to whether the formula as it was applied to these taxpayers was a reasonable method of calculating their income. The petitioners have failed to demonstrate that the Commissioner's method was without a rational foundation.

We hold that the method used by the Commissioner in calculating the petitioners'

---

1. A bill of attainder is a legislative act that determines guilt and punishes an identifiable individual or group of individuals. *See Nixon v. Administrator of General Services*, 433 U.S. 425, 468, 97 S.Ct. 2777, 2802, 53 L.Ed.2d 867 (1977). Section 446 does not determine guilt, punish, or single out any particular person or

group and therefore is clearly not a bill of attainder.

2. In *Collins v. Daly*, 437 F.2d 736, 739 (7th Cir. 1971), the Seventh Circuit expressed its approval of the *Mendelson* approach.

tip income was within his statutory power and was not arbitrary, capricious, or an abuse of discretion. The judgment of the Tax Court is AFFIRMED.