GEOFFREY A. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 301-84.
United States Tax Court
T.C. Memo 1986-195; 1986 Tax Ct. Memo LEXIS 411; 51 T.C.M. (CCH) 1010; T.C.M. (RIA) 86195; May 15, 1986. *411 Held: (1) P had unreported income; and (2) P failed to substantiate claimed deductions. Geoffrey A. Williams, pro se. James E. Polk, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $6,734.97 in the petitioner's Federal income tax for 1981. The issues for decision are: (1) Whether the petitioner understated his gross income in the amount determined by the Commissioner; and (2) whether the petitioner substantiated any of the deductions that were claimed on his income tax return and not allowed by the Commissioner. FINDINGS OF FACT The petitioner, Geoffrey A. Williams, maintained his residence in Dallas, Tex., at the time he filed his petition in this case. He filed a Federal income tax return for 1981 with the Internal Revenue Service. In the notice of deficiency, the Commissioner determined that in 1981, the petitioner received income which was not reported on his income tax return of $3,213.00 from Massachusetts Indemnity Life Insurance Co. and $3,371.00 from American Bankers Life Assurance Co. Schedule C expense deductions of $11,633.00 and itemized deductions of $6,538.00 were not allowed. Finally, *412 it was determined that Mr. Williams was liable for $871.97 of self-employment tax. During the opening statements, Mr. Williams raised the possibility that documents in his possession that might substantiate his claimed deductions were privileged under the Fourth or Fifth Amendment and that the Thirteenth Amendment might provide him with further protection. The petitioner was not under any criminal investigation, and the Court advised him that the privileges he sought to invoke were not applicable. Additionally, the Court clearly stated that his refusal to produce such documents would result in the Commissioner's determination being sustained. Mr. Williams refused to produce any documentation. OPINION The first issue to be decided is whether the petitioner understated his gross income in the amount determined by the Commissioner. The Commissioner has conceded that Mr. Williams reported $3,371 from American Bankers Life Assurance Co. on his income tax return. Therefore, the only question remaining is whether he reported $3,213 from Massachusetts Indemnity Life Insurance Co. Gross income includes all income from whatever source derived. Sec. 61(a), Internal Revenue Code of 1954. [1] *413 The Commissioner may prove the existence and amount of unreported income by any method that will, in his opinion, clearly reflect the taxpayer's income. Sec. 446(b); see Holland v. United States,348 U.S. 121, 130-132 (1954); Cambell v. Guetersloh,287 F.2d 878, 880 (5th Cir. 1961); Davis v. Commissioner,239 F.2d 187, 189 (7th Cir. 1956), affg. a Memorandum Opinion of this Court. The petitioner bears the burden of proving that the Commissioner's determination is erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Cracchiola v. Commissioner,643 F.2d 1383, 1385 (9th Cir. 1981), affg. per curiam a Memorandum Opinion of this Court; Marcello v. Commissioner,380 F.2d 494, 497 (5th Cir. 1967), affg. on this issue a Memorandum Opinion of this Court; Harper v. Commissioner,54 T.C. 1121, 1129 (1970). The petitioner did not present the Court with any evidence concerning this issue. Therefore, Mr. Williams failed to meet his burden of proof, and the Commissioner's determination is sustained. *414 The second issue to be decided is whether the petitioner substantiated any of the deductions that were claimed on his income tax return and not allowed by the Commissioner. Section 162(a) allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. Under section 63(b), in arriving at taxable income, a taxpayer may deduct his excess itemized deductions. The petitioner has the burden of proving that the amounts claimed by him to be deductible satisfy the requirements of the appropriate statutory provision. Rule 142(a); Deputy v. duPont,308 U.S. 488, 493 (1940); Welch v. Helvering,290 U.S. 111 (1933); Roberts v. Commissioner,62 T.C. 834, 836 (1974); Sanford v. Commissioner,50 T.C. 823, 826 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Additionally, a taxpayer is required to keep books or records to substantiate all claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Generally, where a petitioner does not produce any records to substantiate his deductions, disallowance of claimed deductions is proper. See Roberts v. Commissioner,62 T.C. at 836. Despite continued warnings, the petitioner refused to present the Court with such *415 records. Therefore, the Commissioner's determination concerning deductions is sustained. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
2. y reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩