EDWARD F. SAVAGE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Savage v. Commissioner
Docket No. 26933-90
United States Tax Court
T.C. Memo 1992-83; 1992 Tax Ct. Memo LEXIS 88; 63 T.C.M. (CCH) 2034; T.C.M. (RIA) 92083; February 11, 1992, Filed *88 Decision will be entered under Rule 155. Edward F. Savage, Jr., pro se. Paul V. Colleran, for respondent. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency of $ 1,412 in petitioner's Federal income tax for the taxable year 1986, and also determined additions to tax pursuant to section 6653(a)(1)(A) and (B). After a concession by petitioner, the issues for decision are: (1) Whether petitioner failed to report income during 1986 to the extent determined by respondent, and (2) whether petitioner is liable for the addition to tax for negligence or disregard of rules or regulations pursuant to section 6653(a)(1)(A) and (B) for 1986. Some of the facts have been stipulated. The stipulations of fact *89 and accompanying exhibits are incorporated by this reference. Petitioner resided in Dorchester, Massachusetts, at the time he filed his petition. During the year at issue, petitioner was employed as a bartender at Legal Sea Foods restaurant. Petitioner's shifts as a bartender were generally daytime shifts. Since the bar did not open until 11:30 a.m., petitioner mainly worked on preparation of the bar from 9:00 a.m. until 11:30 a.m. From approximately 12:00 p.m. until 1:30 p.m., business at the bar was active. From 1:30 p.m. until the end of petitioner's bar shift at 4:00 p.m., business steadily declined. After or at the end of his bar shift, petitioner was responsible for setting up the bar for the evening shift and counting the daily cash drawer. Petitioner worked 48 weeks during the year in issue. On the average, petitioner worked four shifts per week. Legal Sea Foods reported on Form W-2 that petitioner received $ 8,815.68 in tip income for 1986. Petitioner's tip income was determined by Legal Sea Foods by allocating tips among their bartenders in an amount based upon the excess of 8 percent of the restaurant's gross receipts over the amount of tips reported by the bartenders. *90 The allocation made did not consider the fact that a bartender working the night shift would receive a greater amount of tips per hour than one working the day shift. Further, the allocation did not consider the fact that a bartender working the day shift worked certain hours when no tip income was available. Petitioner did not report any of his tip income as income on his 1986 return. Respondent determined that petitioner had unreported income equal to the tip income reported by Legal Sea Foods on the Form W-2 for petitioner. In addition, respondent determined that petitioner was liable for additions to tax for negligence or disregard of rules or regulations pursuant to section 6653(a)(1)(A) and (B). Petitioner admits that he failed to report the tip income which he earned in 1986. However, he contends that the amount of income attributed to him by respondent was excessive in two respects. First, respondent failed to account for the lower tip amounts he received per hour while working a day bar shift as compared to a night bar shift. Second, respondent erred by including in petitioner's hours worked for purposes of tip allocation the number of hours which he worked when *91 tip income was not available. Lastly, petitioner claims that he was unfamiliar with accounting and tax practices and that he assumed that Legal Sea Foods withheld the tax that he owed on his tips such that he should not be held liable for the addition to tax for negligence or disregard of rules or regulations. Respondent argues that petitioner had unreported income in the amount determined based upon Legal Sea Foods' allocation of tips pursuant to section 6053(c)(3). In addition, respondent asserts that petitioner's failure to keep records mandates that the allocation determined by Legal Sea Foods and agreed with by respondent be respected. Lastly, respondent claims that petitioner's failure to report the tips as income and to keep accurate records supports the addition to tax for negligence or disregard of rules or regulations. The determination of respondent is presumed to be correct, and petitioner bears the burden of proving respondent erred in his determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). All taxpayers are required to maintain records sufficient to determine their correct tax liability. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). *92 It is well settled that tips received are includable in income. Sec. 61(a)(1); sec. 1.61-2(a)(1), Income Tax Regs. An employee who receives tips on a regular basis is required to keep an accurate and contemporaneous record of such income and to report those tips to the employer on at least a monthly basis. Sec. 6053(a); Biddle v. Commissioner, T.C. Memo. 1989-397. Such records must be retained by the taxpayer "so long as the contents thereof may become material in the administration of any internal revenue law." Sec. 1.6001-1(e), Income Tax Regs.
If a taxpayer keeps no records of tip income, or it appears that the records do not reflect tip income clearly, then respondent may compute income under a method which does clearly reflect income. Sec. 446(b); Menequzzo v. Commissioner, supra at 831. Respondent determined petitioner's tip income from that reported by Legal Sea Foods because petitioner kept no records of his tip income for 1986. See sec. 6053(c)(3). When reconstruction of a taxpayer's income is necessary, respondent has great latitude in the method of reconstruction used. Catalano v. Commissioner, 81 T.C. 8, 13 (1983), *93 affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984). The method of reconstruction used must be reasonable taking into consideration all of the surrounding facts and circumstances. Schroeder v. Commissioner, 40 T.C. 30, 33 (1963). This Court and other courts have accepted the use of formulas in the reconstruction of tip income. Cracchiola v. Commissioner, 643 F.2d 1383 (9th Cir. 1981), affg. T.C. Memo. 1979-3. A taxpayer may, however, point out areas or specific instances in which the method used by respondent fails to reflect his true income. Miller v. Commissioner, 237 F.2d 830, 838 (5th Cir. 1956), affg. in part and revg. in part T.C. Memo. 1955-112. Petitioner presented no records to support the amount of tip income which he claims that he made. By merely providing an estimate of the tips he received, petitioner has failed to produce records which accurately reflect his tip income. As a result, it became incumbent upon respondent to reconstruct petitioner's income to the best of his ability. Formulas similar to the one *94 used by respondent in this case have been accepted by this Court. See McQuatters v. Commissioner, T.C. Memo. 1973-240. We find respondent's formula to be substantially correct. Petitioner does argue, however, that respondent's method failed to distinguish the tip rate received during day bar shifts from that received on night bar shifts. Further, petitioner contends that respondent included hours that petitioner worked during which he could not have received tips in the total hours to which he was allocated tip income. Upon consideration of the evidence presented and petitioner's testimony, we believe that an adjustment is required to reflect the evidence submitted at trial. Accordingly, based upon a review of the record as a whole, we conclude that petitioner had unreported tip income for 1986 of $ 6,000. The final issue for decision is whether petitioner is liable for the addition to tax for negligence or disregard of rules or regulations pursuant to section 6653(a)(1)(A) and (B). Petitioner argues that he is not liable for the addition because his failure to report tip income and keep records of such income was due to his lack of knowledge and erroneous *95 assumptions concerning the tax law and the accounting practices of his employer. Negligence under section 6653(a) is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). We find that petitioner's failure to report the tip income and to keep records of such income was negligent. The explanations offered by petitioner simply are not persuasive. We believe that a reasonable person under the same circumstances would have been more attentive to reporting income and maintaining supporting records. Accordingly, we sustain the additions to tax subject to our modification of the deficiency. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩