967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmund F. SOBORSKI, JR.; Magdalena Soborski, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70261.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1991.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edmund F. Soborski, Jr. and Magdalena Soborski appeal pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("CIR") determination of an income tax deficiency and additions to tax for tax year 1985. The Soborskis contend that the CIR, using "toke" calendars provided by other "21" and craps dealers who worked the graveyard shift at the Horseshoe Casino with Mr. Soborski in 1985, miscalculated the average hourly toke rate and erroneously determined that the Soborskis' joint income tax return underreported Mr. Sorborski's toke income.[1] We have jurisdiction pursuant to 26 U.S.C. § 7482 and affirm.
 
 
 3
 * Standard of Review
 
 
 4
 The tax court's determination of unreported income is a finding of fact and will not be overturned unless it is clearly erroneous. See Keogh v. Commissioner, 713 F.2d 496, 501 (9th Cir.1983).
 
 II
 Merits
 
 5
 Toke income is includible as taxable gross income under section 61(a)(1) of the Internal Revenue Code ("Code"), 26 U.S.C. § 61(a)(1). See Olk v. Commissioner, 536 F.2d 876 (9th Cir.) (gambling tokes are taxable income to craps dealer), cert. denied, 429 U.S. 920 (1976). "Section 6001 of the Code requires taxpayers to keep records of their income so that the [CIR] will be able to determine tax liability." Cracchiola v. Commissioner, 643 F.2d 1383, 1384 (9th Cir.1981); see also Treas.Reg. § 1.60001-1(b).
 
 
 6
 Pursuant to section 446(a) of the Code, a taxpayer's income is computed under the taxpayer's regular method of accounting. If, however, the taxpayer does not have a regular method of accounting, or if the method used does not clearly reflect income, then section 446(b) authorizes the CIR to devise a method that does clearly reflect income. See Cracchiola, 643 F.2d at 1385. Moreover, the CIR's "method of calculating tip income is presumptively correct and will be affirmed as long as it is rationally based." Id.
 
 
 7
 Here, the Soborskis failed to present a clear record of Mr. Soborski's toke income for tax year 1985. Accordingly, the CIR reconstructed his toke income using toke calendars supplied by the "21" and craps dealers who worked with Mr. Soborski on the graveyard shift at the Horseshoe Casino in 1985.
 
 
 8
 In 1985, the "21" and craps dealers at the Horseshoe Casino pooled and evenly divided their tokes earned during each particular shift. To calculate an hourly toke rate, the CIR took the mode (i.e., the most frequently listed dollar amount contained in the various dealer calendars for each shift on each day) and averaged, by shift, the cumulative modes for each day in 1985 and used this figure to calculate an hourly rate. The CIR's calculations yielded an hourly tip rate of $7.38 for dealers working the graveyard shift at the Horseshoe Casino in 1985. This rate, $7.38 per hour, was then multiplied by the number of hours Mr. Soborski worked at the Horseshoe Casino in 1985 to compute his total toke income for 1985 from the Horseshoe Casino. In Keogh, we affirmed the CIR's use of dealers' toke calendars to compute dealers' hourly tip rate. 713 F.2d at 501.
 
 
 9
 On appeal, the Soborskis do not challenge the CIR's formula for determining the hourly toke rate; instead they contend that the actual numbers are incorrect. In support of this contention, the Soborskis, as they did in tax court, compare the summary of the daily toke income of "21" and craps dealers, which yielded the $7.38 rate, with the individual breakdown of the daily toke income of craps dealers to show that the CIR overestimated the average hourly toke income. Unfortunately, these two documents are not comparable because the individual breakdown relied on by the Soborskis covers only craps dealers at the Horseshoe Casino, not craps and "21" dealers. Thus, by itself this document does not show that the CIR's calculations were erroneous. Moreover, because the "21" and craps dealers at the Horseshoe pooled and then equally divided their toke income, the tax court correctly relied on the CIR's summary which showed the hourly rate based on the combined averages.
 
 
 10
 The tax court did not err by finding that the Soborskis had failed to rebut the presumption that the CIR's method of calculation was rationally based or the presumption that the CIR's determination that the Soborskis received unreported income was correct. See Keogh, 713 F.2d 496, 501-02; Cracchiola, 643 F.2d at 1385.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Soborskis' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The CIR also determined that Mr. Soborski had unreported toke income from his work at the Flamingo and Showboat Casinos in 1985. The Soborskis' evidence presented to the tax court and their brief on appeal, however, relates only to the CIR's determination of unreported toke income from the Horseshoe Casino, which comprised the bulk of the unreported toke income. Because no evidence challenging the CIR's determination of the Flamingo and Showboat amounts was presented to the tax court and because Soborskis do not contest this aspect of the tax court's decision on appeal, we affirm the tax court's decision as to these amounts. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (arguments not raised in pro se brief may be deemed abandoned). Likewise, the Soborskis do not challenge the tax court's decision affirming the CIR's additions to tax pursuant to 26 U.S.C. § 6653(a)(1). Accordingly, we affirm this aspect of the tax court's decision as well. See id