29 F.3d 632
 74 A.F.T.R.2d 94-5177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger W. KNIGHT, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70917.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger W. Knight appeals pro se the tax court's summary judgment for the Commissioner of the Internal Revenue Service ("Commissioner") in Knight's petition challenging the Commissioner's determination of an income tax deficiency against Knight for the tax year 1989. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482(a). We review de novo, see Dial v. Commissioner, 968 F.2d 898, 900 (9th Cir.1992), and affirm.
 
 
 3
 Knight and his ex-wife were separated in 1987 and obtained a divorce in 1991. Knight's ex-wife retained custody of their three dependent children from the time they were separated. In 1989, Knight paid child support pursuant to a state court child-support order. The total amount Knight paid constituted more than one-half of each child's support.
 
 
 4
 Knight claimed on his 1989 income tax return exemptions for his three children. The Commissioner disallowed these exemptions under 26 U.S.C. Sec. 152(e). Section 152(e) provides that a noncustodial parent such as Knight may claim exemptions for his dependent children only if he attaches to his tax return a written declaration signed by the custodial parent stating that the custodial parent will not claim the exemptions. See 26 U.S.C. Sec. 152(e). Knight failed to obtain the required declaration from his ex-wife.
 
 
 5
 In his petition for redetermination, Knight did not challenge the factual accuracy of the Commissioner's deficiency determination but, rather, challenged the constitutionality of section 152(e) on three grounds. First, Knight claimed that section 152(e) creates an unconstitutional irrebuttable presumption that the custodial parent has paid more than one-half of the child support. Second, Knight claimed that section 152(e) constitutes a bill of attainder. Third, Knight claimed section 152(e) violates his right to equal protection because ex-spouses may deduct alimony payments but noncustodial parents may not deduct child-support payments.
 
 
 6
 This court has recognized that the irrebuttable presumption doctrine has been severely limited. See deLaurier v. San Diego Unified School Dist., 588 F.2d 674, 683 n. 16 (9th Cir.1978). We have said that "[a]n irrebuttable presumption is not per se unconstitutional ... so long as it is rational." Burlington N.R.R. v. Department of Pub. Serv. Reg., 763 F.2d 1106, 1113 (9th Cir.1985); accord Sakol v. Commissioner, 574 F.2d 694, 698 (2d Cir.) (stating that "congressional judgments in the form of 'irrebuttable presumptions' in the economic area will be upheld where there is a rational relationship between the criteria set forth in the statutory mandate and a legitimate congressional purpose"), cert. denied, 439 U.S. 859 (1978). In Burlington N.R.R., we also stated that "[a] statutorily defined irrebuttable presumption ... is not unconstitutional in statutes which regulate economic matters." 763 F.2d at 1113; see also Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 23-24 (1976); Sakol, 574 F.2d at 698.
 
 
 7
 Here, assuming that section 152(e) creates an irrebuttable presumption, the presumption is not unconstitutional.[1] Notwithstanding Knight's arguments to the contrary, the matter of determining which parent may claim a dependency exemption for tax purposes is economic. Moreover, as the tax court concluded, section 152(e) is rationally related to and advances a legitimate congressional purpose. See H.R.Rep. No. 432, 98th Cong., 2d Sess. 1498-1500, reprinted in 1984 U.S.C.C.A.N. 1139, 1139-1142 (explaining that treatment of custodial parent presumptively as providing over one-half of child support eases administrative burden on Internal Revenue Service with regard to parental disputes over dependency exemptions). Therefore, the tax court correctly held that section 152(e) does not create an unconstitutional irrebuttable presumption.
 
 
 8
 "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.' " Atonio v. Wards Cove Packing Co., 10 F.3d 1485, 1495 (9th Cir.1993) (quoting Nixon v. Administrator of Gen. Servs., 433 U.S. 425, 468 (1977)), pet. for cert. filed, 62 U.S.L.W. 3775 (U.S. May 2, 1994) (No. 93-1767); see also Cracchiola v. Commissioner, 643 F.2d 1383, 1385 n. 1 (9th Cir.1981) (per curiam). Section 152(e) does not determine guilt; nor does it inflict punishment. See Atonio, 10 F.3d at 1495 (stating that statute inflicts forbidden punishment if it falls within "historical meaning of legislative punishment," "furthers no nonpunitive legislative goals," and "evinces Congress' intent to punish"). We do not agree with Knight that his inability to claim a tax deduction is punishment within the meaning of the Bill of Attainder Clause. See id. Therefore, the tax court correctly held that section 152(e) is not a bill of attainder.
 
 
 9
 Finally, the tax court correctly held that section 152(e) does not violate Knight's right to equal protection. Because this case does not involve a fundamental right and Knight is not a member either of a suspect or quasi-suspect class, the tax court correctly applied the rational-basis test. See Yao v. INS, 2 F.3d 317, 321 (9th Cir.1993); see also Regan v. Taxation With Representation of Wash., 461 U.S. 540, 547 (1983). " 'Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts.' " Licari v. Commissioner, 946 F.2d 690, 692 (9th Cir.1991) (quoting United States v. Maryland Sav.-Share Ins. Corp., 400 U.S. 4, 6 (1970) (per curiam)). The party challenging the classification must carry the burden of showing it has no reasonable basis but is essentially arbitrary. Id.
 
 
 10
 As the tax court stated, a payer of alimony may deduct alimony payments because alimony payments are taxable to the recipient. See 26 U.S.C. Secs. 71, 215. In contrast, child support payments are neither taxable to the recipient nor deductible by the payer. The tax court reasoned correctly that the difference in treatment of the two types of support is justified by their difference in nature, i.e., the purposes for which each type of support is paid. On appeal, Knight has not presented any argument that persuades us that this reasoning is flawed.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 151 of the Internal Revenue Code allows a taxpayer to claim exemptions for dependent children. See 26 U.S.C. Sec. 151(c). Section 152(a) defines a dependent child as having received over half of his or her support from the taxpayer. See id. Sec. 152(a). Section 152(e)(1) provides in general that the custodial parent shall be treated as providing more than half the support for a dependent child. See id. Sec. 152(e)(1). Thus, the custodial parent generally is entitled to claim any exemptions for dependent children. See id. Secs. 151, 152(a)
 Section 152(e)(2) provides an exception to section 152(e)(1) by allowing the noncustodial parent to claim the exemption if "the custodial parent signs a written declaration ... that such custodial parent will not claim such child as a dependent" and "the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year." Id. Sec. 152(e)(2)(A), (B).
 
 
 [2]
 In his briefs on appeal, Knight did not raise any arguments challenging the tax court's denial of his motion to revise the tax court's opinion. We therefore affirm the tax court's denial of Knight's motion to revise. We also affirm in all respects the other tax court orders designated in Knight's notice of appeal