114 F.3d 1194
 79 A.F.T.R.2d 97-2839, 97-1 USTC P 50,488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Denver W. McDONALD, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1997.
Decided May 23, 1997.
 
 1
 Before: O'SCANNLAIN and NOONAN, Circuit Judges, and RHOADES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Denver McDonald appeals the tax court's decision affirming, with some modifications, deficiencies and additions to tax imposed by the commissioner for the 1989 tax year. The tax court held that the Petitioner was required to report the entire gain realized on the sale of a piece of residential rental property, that the Petitioner's claimed general business credit carryforward was not allowable, and that the Petitioner was liable for additions to tax for negligence. We affirm.
 
 Background
 
 4
 Between 1976 and 1980, the Petitioner was a limited partner with a 16.2% interest in each of three limited partnerships. The three limited partnerships operated a chain of submarine sandwich shops. The sandwich shops were financial failures and ceased operating in early 1980. On his 1989 federal income tax return, the Petitioner claimed a general business credit carryforward, which represented the Petitioner's distributive share of the general business credit claimed by the partnerships. Richard Maynard (the business partner of the Petitioner's father, Bill McDonald) was the general partner in each of the three partnerships. In McDonald v. Commissioner, No. 96-70333, we affirmed the tax court's finding that the general business credit carryforward was unsubstantiated and therefore not allowable.
 
 
 5
 In February 1983, the Petitioner purchased a duplex residential rental property located on Marty Way. The purchase price was $91,500. The deed to the Marty Way property was listed solely in the Petitioner's name, and the Petitioner reported all rental income, expenses, and depreciation relating to the property on his own tax returns. The Petitioner sold the Marty Way property in 1989. The sale price was $155,000. After subtracting the purchase price and various costs, and adjusting for prior depreciation taken on the Marty Way property, the Petitioner calculated a gain of $43,043 on the sale of the property. Of the total $43,043 gain on the sale, the Petitioner reported on his 1989 return a capital gain of only $14,656. The remainder of the gain ($28,387) the Petitioner attributed to his mother, Mary Charles McDonald. Mary Charles reported this amount on her 1989 return.
 
 
 6
 On audit, the Commissioner determined that the general business credit claimed by the Petitioner was not allowable, and that the Petitioner should have reported the full amount of the gain on the sale of the Mary Way Property. The tax court sustained the deficiencies, and sustained the Commissioner's addition to tax for negligence with respect to the reporting of these items.
 
 Discussion
 
 7
 We review decisions of the United States Tax Court on the same basis as decisions in civil bench trials in United States District Court. Condor Int'l, Inc. v. Commissioner, 78 F.3d 1355, 1358 (9th Cir.1996); Kelley v. Commissioner, 45 F.3d 348, 350 (9th Cir.1995); Ball, Ball & Brosamer v. Commissioner, 964 F.2d 890, 891 (9th Cir.1992). Thus, the tax court's conclusions of law are reviewed de novo. Condor Int'l, 78 F.3d at 1358; Kelley, 45 F.3d at 350; Ann Jackson Family Found. v. Commissioner, 15 F.3d 917, 920 (9th Cir.1994). Factual findings are reviewed for clear error. Condor Int'l, 78 F.3d at 1358; Kelley, 45 F.3d at 350.
 
 A. The Marty Way Property
 
 8
 The Commissioner's deficiency determination is presumptively correct and it is incumbent upon the taxpayer to rebut the presumption by a preponderance of evidence showing that the determination is erroneous. Delaney v. Commissioner, 743 F.2d 670, 671 (9th Cir.1984). The Petitioner's sole contention regarding unreported gains is that the tax court erred in finding that the Petitioner was the sole owner of the Marty Way property. The tax court's determination of the ownership of the Marty Way property is a finding of fact which will not be overturned unless clearly erroneous. Korn v. Commissioner, 524 F.2d 888, 890 (9th Cir.1975); Ellison v. Frank, 245 F.2d 837, 840 & n. 3 (9th Cir.1957).
 
 
 9
 The Petitioner contends that Mary Charles had an unrecorded interest in the Marty Way property. The Petitioner attempted to demonstrate this fact in two ways. First, the Petitioner presented evidence that Mary Charles purchased a $20,165 cashier's check payable to the Petitioner shortly before the Petitioner bought the Marty Way Property. The inference, according to the Petitioner, is that the cashier's check represented Mary Charles's contribution toward the purchase of the property. Second, evidence was introduced indicating that when the Petitioner sold the Marty Way property, sale proceeds were paid directly out of escrow to Mary Charles. Specifically, the seller's instructions provided that Mary Charles was to receive $35,187 in cash and a $15,500 second deed of trust to the property. Mary Charles signed the seller's instructions to acknowledge that the $15,500 note represented an unrecorded interest in the property.
 
 
 10
 The tax court found that Mary Charles was not an owner of the Marty Way property. This determination was based on the tax court's conclusion that the $20,165 cashier's check represented either a loan or gift to the Petitioner, and that the record was devoid of any indication that Mary Charles received or expected to receive any ownership interest in the property. After a thorough review of the record, we agree with the tax court's conclusion that Mary Charles did not have an ownership interest in the Marty Way property.
 
 
 11
 From the Petitioner's perspective, the most damning evidence came from the testimony of Mary Charles herself. Mary Charles could not recall why the $20,165 cashier's check was drawn to the Petitioner, although she did recall that she often made loans to the Petitioner and believed that the cashier's check represented one such occasion. Mary Charles could not recall how much money she contributed to the purchase of the Marty Way property, nor did she recollect that any portion of the Marty Way property was to be allocated to her. The Petitioner's testimony was of little help in resolving these issues. As to the purchase of the property, the Petitioner testified generally that "I bought that with my mother," and as to her contribution, it was "[a]bout $22,300, as I recall." When pressed for the details of contribution and proportionate ownership interests on cross-examination, the Petitioner could only say that Mary Charles's interest "was approximately, I think it was approximately two-thirds but, no, I don't know the exact amount," and that "I can't tell you how we, exactly how much cash I put in." On the basis of this testimony alone, the tax court properly found that the $20,165 cashier's check was a gift or loan, rather than Mary Charles's contribution toward and ownership interest in the Marty Way property.
 
 
 12
 The Petitioner's other evidence is also unavailing. That Mary Charles took an ownership interest in the property after it was sold by the Petitioner is little indication that she had an ownership interest prior to that sale, especially in light of the vague testimony described above. In short, the tax court properly concluded that the Petitioner failed to show that Mary Charles had any ownership interest in the Marty Way Property and that the Petitioner should have reported the entire gain realized upon the sale of the property.
 
 B. The General Business Credit Carryforward
 
 13
 The tax court disallowed, for lack of substantiation, the general business credit carryforward claimed on the Petitioner's 1989 return. The tax court's determination that the taxpayer failed adequately to substantiate a deduction "is a finding of fact subject to reversal only if clearly erroneous." Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991).
 
 
 14
 The Petitioner claims that the tax court erred in this regard because the Petitioner submitted his many prior year tax returns along with the related partnership returns, all of which reflected the credit. Also, the Petitioner submitted pages from the ledgers of two of the sandwich shop partnerships which are purported to establish the existence of the qualified property. We reject the Petitioner's arguments.
 
 
 15
 Taxpayers are required to keep permanent books and records sufficient to establish matters reported in a return. I.R.C. § 6001; Treas.Reg. § 1.6011-1; Cracchiola v. Commissioner, 643 F.2d 1383, 1385 (9th Cir.1981). Treasury Regulation § 1.6001-1(a) provides that taxpayers "shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters...." Moreover, "[t]he books or records ... shall be kept at all times available ... and shall be retained so long as the contents thereof may become material in the administration of any internal revenue law." Treas.Reg. § 1.6001-1(e).
 
 
 16
 Proving matters claimed on returns by submitting the same returns is not what was intended by the tax laws, no matter how many returns the Petitioner submits. What is required is the supporting documentation of the matters claimed and the Petitioner's supporting documentation in this case is lacking. As the Commissioner points out, the Petitioner has submitted no invoices, receipts, or other evidence showing that the sandwich shop partnerships purchased qualified property. The partnership ledger entries submitted by the Petitioner are not helpful. Along with dollar figures in some instances, the entries are as follows: "Restaurant Equipment", "Furniture & Fixtures", "Automobiles", "Leasehold Imp.", "Auto & Truck", "Furn & Fix", and "Rest. Equip". These vague and generic entries fall short of substantiating the Petitioner's entitlement to the carryover credit.
 
 
 17
 The Petitioner's citations to I.R.C. §§ 6221 & 6222 for the proposition that the Petitioner was entitled to rely on the partnership information returns are not well founded. Both sections are applicable only to partnership tax years beginning after September 3, 1982. Pub.L. No. 97-248, § 402(a). The partnerships were defunct by early 1980.
 
 
 18
 In sum, the tax court did not err in disallowing the Petitioner's general business credit for lack of substantiation.[1]
 
 
 19
 C. The Petitioner Is Not Entitled To Attorneys' Fees Or Costs
 
 
 20
 It is unknown whether the Petitioner is seeking attorneys' fees and costs under 28 U.S.C. § 2412 or under I.R.C. § 7430. In either case, the Petitioner is not the "prevailing party" and is, therefore, not entitled to attorneys' fees or costs.
 
 Conclusion
 
 21
 The decision of the tax court is affirmed.
 
 
 
 *
 The Honorable John S. Rhoades, Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Petitioner for the first time in his reply brief argues that the tax court erred in upholding the additions to tax for negligence under I.R.C. § 6662. The Petitioner did not identify this issue in his notice of appeal nor did he raise the issue in his opening brief. The Petitioner is deemed to have waived the issue. United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991) ("Legal issues raised for the first time in reply briefs are waived."), cert. denied, 504 U.S. 958 (1992)